UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD WILHELM, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:19-cv-891-JAR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner Donald Wilhelm's post-sentencing Motion for Return of Property Pursuant to Federal Rule of Criminal Procedure 41(g). (ECF No. 1).[1] The government has responded to the motion, and the matter is now ripe for disposition. As explained below, the motion will be denied, and this action will be dismissed.

On August 31, 2016, a federal Grand Jury returned a two-count Indictment charging petitioner with federal offenses related to manufacturing methamphetamine. *See United States v. Donald Wilhelm,* No. 4:16-cr-393-JAR-1 (E.D. Mo. 2016). The Indictment contained a forfeiture provision that provided notice that the government sought the forfeiture of, *inter alia*, any and all weapons, firearms and ammunition seized during the investigation. On November 7, 2017, petitioner signed a Plea Agreement that contained a forfeiture provision. That forfeiture provision provided that petitioner agreed "to forfeit all of [his] interest in all items seized by law-enforcement

---

[1] The instant motion was originally filed on February 4, 2019 in petitioner's pending habeas action, which he filed pursuant to 28 U.S.C. § 2255. *See Wilhelm v. United States,* No. 4:19-cv-180-JAR (E.D. Mo. 2019). When a Rule 41(g) motion is filed "after the termination of criminal proceedings, it is treated as a civil action for equitable relief." *United States v. Mendez*, 860 F.3d 1127, 1149-50 (8th Cir. 2017) (citation omitted).

1

officials during the course of their investigation." The Plea Agreement also provided that petitioner agreed to not file a claim or otherwise contest the forfeiture of the items, including by motion under Federal Rule of Criminal Procedure 41(g). Petitioner entered his guilty plea on November 17, 2017, and on February 15, 2018 was sentenced to serve a term of imprisonment followed by a term of supervised release.

In the instant motion, petitioner seeks the return of three particular firearms. He admits the firearms were seized by officers from the Macon County Northwest Task Force during the execution of a search warrant at his residence. However, he asks that the firearms be turned over to his son, arguing that he was in lawful possession of the firearms on the date they were seized. The United States responds that petitioner lawfully forfeited the firearms as part of the Plea Agreement, and waived the right to request their return in a forfeiture action or via a motion filed pursuant to Rule 41(g). Petitioner did not file a reply.

Rule 41(g) allows a person "aggrieved by an unlawful search and seizure of property or by the deprivation of property" to move for the property's return. Fed. R. Crim. P. 41(g), *Jackson v. United States,* 526 F.3d 394, 396-97 (8th Cir. 2008). A court may properly deny a Rule 41(g) motion if the movant is not entitled to lawful possession of the seized property or if the property is subject to forfeiture, among other reasons. *Jackson,* 526 F.3d at 397.

Here, as the United States argues, petitioner lawfully forfeited his interest in the firearms by agreement. He therefore cannot demonstrate his lawful interest in the firearms. Additionally, it is obvious that the firearms were subject to forfeiture. *See id.* (holding that a motion for return of property is properly denied if the movant has no lawful interest in the seized items or if they are subject to forfeiture). Petitioner also agreed to not file the very motion he now brings before this

Court.  Finally, the Court previously determined that the firearms were connected with the offense. For all of the foregoing reasons, petitioner's motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Donald Wilhelm's Motion for Return of Property Pursuant to Federal Rule of Criminal Procedure 41(g) (ECF No. 1) is **DENIED**, and this case is **DISMISSED** with prejudice.  A separate order of dismissal will be entered herewith.

Dated this 9th day of August, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE